United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN BRIGGS,

               Petitioner,

   v.

STATE OF CALIFORNIA,

               Respondent.

Case No. 15-cv-05809-EMC

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Docket Nos. 1, 2, 6, 8, 9

## I.    <u>INTRODUCTION</u>

Kevin Briggs, formerly an inmate at the Correctional Training Facility in Soledad, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition for writ of habeas corpus is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. His request for appointment of counsel, motion for a stay, and application to proceed *in forma pauperis* are also before the court for review.

## II.    <u>BACKGROUND</u>

Mr. Briggs alleges in his petition that he pled nolo contendere and was convicted in Santa Clara County Superior Court of making a criminal threat, *see* Cal. Penal Code § 422. He further alleges that he was sentenced in September 2013 to four years in prison. Mr. Briggs states that he appealed; his conviction was affirmed by the California Court of Appeal in 2014 and his petition for review was denied by the California Supreme Court in 2015. He also filed unsuccessful state habeas actions. He then filed this action.

**United States District Court**
For the Northern District of California

### III.   DISCUSSION

A.   Review of Petition

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition for writ of habeas corpus alleges the following claims:

> (1) Mr. Briggs received ineffective assistance of counsel because counsel failed to investigate, which deprived Mr. Briggs of a "fair trial." Docket No. 8 at 5, 6.
>
> (2) Mr. Briggs' Fifth and Fourteenth Amendment rights were violated when the prosecutor "introduced trial testimony which was known to be or should have been recognized as perjury." *Id.* at 5.
>
> (3) Mr. Briggs' First Amendment and Fourth Amendment rights and rights under Title III of the Omnibus Crime Control and Safe Street Act were violated by an unauthorized interspousal wiretap recording. Docket No. 8 at 5. His allegations suggest that the factual basis is that his wife or ex-wife recorded and altered a recording she made of a conversation with him. *See id.* at 8.
>
> (4) Mr. Briggs' Fifth Amendment right was violated when someone committed perjury, apparently based on the facts that his wife "changed statement [on a 911 call] to get a conviction," and the prosecutor did not correct it. *Id.* at 9.
>
> (5) Mr. Briggs' right to due process was violated because the prosecutor did not prove the crime beyond a reasonable doubt.
>
> (6) Mr. Briggs' Fourth Amendment rights were violated by the disclosure of an electronic communication.
>
> (7) There is no Claim 7 in the petition. Claim 8 is the next claim listed after Claim 6 in the petition. *See* Docket No. 8 at 11-12.
>
> (8) Mr. Briggs' Fourth Amendment rights and rights under 18 U.S.C. § 2518(8) and 2253(2) were violated because the "prosecutor failed to establish the date of conversation" and other details about phone records. Docket No. 8 at 12.

2

(9) Mr. Briggs' First, Fourth and Sixth Amendment rights were violated by an "illegal search of conversation."  Docket No. 8 at 13.

(10) Mr. Briggs' Sixth Amendment rights were violated by a breach of the plea agreement when the prosecutor mistakenly recommended a sentence at the top of the guidelines range instead of recommending a low-end guideline sentence.  Docket No. 8 at 14.

(11) Mr. Briggs' rights against self-incrimination and double jeopardy were violated, but the facts alleged do not make sense. Docket No. 8 at 15.

(12)  Mr. Briggs did not have the right "mental state of mind" because he was "drunk and don't remember conversation."  *Id.*at 16.

(13) "[F]ederal violation of states claim - imposing on increased sentence." *Id.*at 17 (errors in source).  In the place where he was directed to provide factual support for his claim, Mr. Briggs wrote that imposing an increased sentence under ACCA violates due process.  *Id.* (citing 18 U.S.C. § 924(e)(2)).

The petition has numerous problems.  First and foremost, most of Mr. Briggs' claims are barred because he was convicted upon a plea of nolo contendere, which has essentially the same effect as a guilty plea.[1] Pre-plea constitutional violations cannot be considered in a federal habeas action brought by a petitioner who pled guilty.  *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); *see, e.g., United States v. Friedlander*, 217 F. App'x 664 (9th Cir. 2007) (in § 2255 proceedings, "[petitioner] contends that trial counsel was ineffective in her preparation and submission of two suppression motions submitted to the district court, which were denied.  Because [petitioner] pled guilty, his allegations of pre-plea constitutional defects are waived."); *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) (refusing to consider contention that petitioner's attorneys were ineffective because they failed to attempt to prevent the use of his confession as pre-plea constitutional violation).  The only challenges left open in federal habeas corpus after a guilty plea are the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead.  *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).  Pre-plea events

---

[1] "[A] plea of nolo contendere shall be considered the same as a plea of guilty and [] upon a plea of nolo contendere, the court shall find the defendant guilty.  The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes."  Cal. Penal Code § 1016 (2003).  Under California law, a "plea of nolo contendere 'is the functional equivalent of a guilty plea.'"  *United States v. Anderson*, 625 F.3d 1219, 1220 (9th Cir. 2010) (quoting *People v. Whitfield*, 54 Cal. Rptr. 2d 370, 377 (Cal. Ct. App. 1996)).

would be relevant only as they affected counsel's advice to a petitioner to plead guilty or nolo contendere.  Claims 2, 3, 4, 6, 7, 8, 9, and the self-incrimination portion of Claim 11 are dismissed because they are for pre-plea constitutional violations.[2]

Claim 1, for ineffective assistance of counsel, alleges that counsel's ineffectiveness deprived Mr. Briggs of a fair trial, but the alleged impact on the course of trial is factually meritless because there was no trial.  Claim 1 is dismissed with leave to amend so that Mr. Briggs may allege an ineffective assistance of counsel claim (if one exists) with regard to the advice to enter a plea of nolo contendere.  In his amended petition, Mr. Briggs must allege facts supporting his claim that counsel provided ineffective assistance in connection with the plea proceedings, and must allege how he was prejudiced by any allegedly deficient performance of counsel.

Claims 5 and 12 challenge the sufficiency of the evidence.  Claim 5 alleges that the prosecutor failed to prove that he committed the crime, and Claim 12 alleges that Mr. Briggs did not have the requisite mental state for the crime.  These claims are dismissed because the prosecutor is not required to prove guilt beyond a reasonable doubt when the defendant enters a plea of guilty or nolo contendere.  "Put simply, the Due Process Clause of the Fourteenth Amendment to the United States Constitution does not require an on-the-record development of the factual basis supporting a guilty plea before entry of the plea, and the failure of a state court to elicit a factual basis before accepting a guilty plea does not in itself provide a ground for habeas corpus relief under 28 U.S.C. § 2254."  *Meyers v. Gillis*, 93 F.3d 1147, 1151 (3d Cir. 1995).  "[T]he state court's failure to find the factual basis for [a defendant's] no contest plea-- unaccompanied by protestations of innocence--does not present a constitutional issue cognizable under 28 U.S.C. § 2254."  *Loftis v. Almager*, 704 F.3d 645, 648 (9th Cir. 2012).

Claim 10 appears to be cognizable in a federal habeas action and should be alleged again in

---

[2] There is an additional bar to the Fourth Amendment portions of Claims 3, 6, 8, and 9.  The case of *Stone v. Powell*, 428 U.S. 465, 481-82 (1976) bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. California state procedures provide an opportunity for full litigation of any Fourth Amendment claim.  *See Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law).

**United States District Court**
For the Northern District of California

1    the amended petition.

2        The petition has insufficient information about Claim 11 for the Court to determine

3    whether it may proceed.  Mr. Briggs alleges that there was a double jeopardy violation, but fails to

4    allege any facts showing that he was twice put in jeopardy for the same crime.  In his amended

5    petition, he needs to explain how his right to be free from double jeopardy was violated, e.g.,

6    describe the case in which he earlier was tried for, convicted, or acquitted of the same offense.

7        Claim 13 alleges that "imposing an increased sentence under ACCA residual clause

8    violates the due process of law."  Docket No. 8 at 17. This claim is meritless because the Armed

9    Career Criminal Act, 18 U.S.C. § 924(e), is a *federal* sentencing provision and Mr. Briggs was not

10   sentenced under it.  Mr. Briggs was sentenced in state court and under state law.  Claim 13 is

11   dismissed.

12   B.      <u>Miscellaneous Motions</u>

13        Mr. Briggs commenced this action by filing a "motion for stay and abeyance pending

14   exhaustion of claim in state court."  Docket No. 1 at 1.  A stay and abeyance "is only appropriate

15   when the district court determines there was good cause for the petitioner's failure to exhaust his

16   claims first in state court," the claims are not meritless, and there are no intentionally dilatory

17   litigation tactics by the petitioner.  *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  Mr. Briggs

18   failed to show he meets any of the criteria for a *Rhines* stay.  The motion he filed was a form

19   motion, and provided no information about Mr. Briggs' case.  At the time he filed the motion, he

20   did not submit a habeas petition, did not identify any unexhausted claims or explain why he had

21   not exhausted his state court remedies before filing his federal petition.  Mr. Briggs may not even

22   need a stay and abeyance to exhaust state court remedies and may have completed his state court

23   efforts:  the California Supreme Court had denied his petition for writ of habeas corpus less than a

24   week before he sent his federal petition for writ of habeas corpus to this court.  *See* Docket No. 1

25   at 2.  For these reasons, the motion for stay and abeyance is **DENIED** without prejudice.  Docket

26   No. 1.

27        Mr. Briggs has requested appointment of counsel to represent him in this action.  A district

28   court may appoint counsel to represent a habeas petitioner whenever "the court determines that the

interests of justice so require" and such person is financially unable to obtain representation.  18

U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district

court.  *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  Appointment is mandatory only

when the circumstances of a particular case indicate that appointed counsel is necessary to prevent

due process violations.  *See id.*  The interests of justice do not require appointment of counsel in

this action.  The request for appointment of counsel is **DENIED**.  Docket No. 2 and 9.

## IV.    CONCLUSION

For the foregoing reasons, the petition is dismissed with leave to amend.  Mr. Briggs must

file an amended petition curing the deficiencies identified in this order no later than **May 27, 2016**.

Failure to file the amended petition by the deadline will result in the dismissal of all claims except

Claim 10, as that is the only claim the Court has found cognizable.

Mr. Briggs' motion for stay and abeyance and request for appointment of counsel are

**DENIED**.  Docket Nos. 1, 2, and 9.  Mr. Briggs' *in forma pauperis* application is **GRANTED**.

Docket No. 6.


**IT IS SO ORDERED**.


Dated: April 13, 2016

_____

EDWARD M. CHEN
United States District Judge