UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BRIGGS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Defendant. | Case No. 15-cv-05809-EMC<br><br>**ORDER TO SHOW CAUSE**<br><br>Docket No. 8 |

　　　　Kevin Briggs, formerly an inmate at the Correctional Training Facility in Soledad, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Mr. Briggs alleged that he was convicted in Santa Clara County Superior Court of making a criminal threat, *see* Cal. Penal Code § 422, and was sentenced in September 2013 to four years in prison. Mr. Briggs further alleged that he unsuccessfully appealed his conviction and filed unsuccessful state habeas petitions before filing this action.

　　　　The Court reviewed Mr. Briggs' petition and dismissed it with leave to amend. Docket No. 13. The order of dismissal with leave to amend explained that Claim 10 appeared to be cognizable, several other claims were barred, and a few claims were defective but might be cured by amendment. *Id.*[1] The Court granted leave to amend, and required that an amended petition be filed no later than May 27, 2016. *Id.* at 6. The Court cautioned that failure to file an amended petition would result in the dismissal of all claims other than Claim 10. At Mr. Briggs' request, the deadline for the amended petition was extended to August 19, 2016. Docket No. 15. Mr. Briggs never filed an amended petition, and the deadline by which to do so has long passed.

---

[1] In Claim 10, Mr. Briggs alleged that his Sixth Amendment rights were violated by a breach of the plea agreement when the prosecutor mistakenly recommended a sentence at the top of the guidelines range instead of recommending a sentence at the low end of the guidelines. *See* Docket No. 8 at 14.

Accordingly, the action will proceed with consideration of Claim 10, which is the only claim the Court ever found to be cognizable.

For the foregoing reasons,

1. Claim 10 of the petition warrants a response. All other claims are dismissed.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **December 2, 2016**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **December 30, 2016**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: September 23, 2016

_____
EDWARD M. CHEN
United States District Judge

2