UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN BRIGGS,

    Petitioner,

v.

THE STATE OF CALIFORNIA,

    Respondent.

Case No. 15-cv-05809-EMC

**ORDER OF DISMISSAL**

Docket No. 19

## I. INTRODUCTION

Kevin Briggs filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the habeas petition as untimely and procedurally defaulted. Mr. Briggs has not opposed the motion. For the reasons discussed below, the Court determines that the action is timely but procedurally defaulted, and dismisses the action as procedurally defaulted.

## II. BACKGROUND

A.   State Court Activities

Mr. Briggs pled no contest and was convicted in Santa Clara County Superior Court of making a criminal threat. He also admitted having suffered a prior conviction. In September 2013, he was sentenced to a term of four years in prison.

Mr. Briggs appealed. The California Court of Appeal affirmed the judgment of conviction on September 11, 2014. *See People v. Briggs*, No. H040202, 2014 WL 4471546 (Cal. Ct. App. Sept. 11, 2014). Mr. Briggs did not file a petition for review in the California Supreme Court.

Mr. Briggs filed three habeas petitions in the state courts. On November 4, 2014, he signed and apparently mailed a habeas petition in the California Court of Appeal, challenging both

1 his 2006 parole revocation in another case and his enhanced sentence in this case due to the parole
2 revocation. (State Petition # 1). The California Court of Appeal summarily denied State Petition
3 # 1 on December 16, 2014.

On June 29, 2015, Mr. Briggs filed a petition for writ of habeas corpus in the California Supreme Court, again challenging both his 2006 parole revocation in another case and his enhanced sentence in this case due to the parole revocation. (State Petition # 2.) On October 14, 2015, the California Supreme Court denied State Petition # 2 in an order citing *In re Robbins*, 18 Cal. 4th 770, 780 (Cal. 1998), and *In re Swain*, 34 Cal. 2d 300, 304 (Cal. 1949). *See* Docket No. 19-1 at 46.

On September 13, 2015, Mr. Briggs signed and apparently mailed another petition for writ of habeas corpus in the California Supreme Court. (State Petition # 3.) On December 9, 2015, the California Supreme Court denied State Petition # 3 in an order citing *In re Clark*, 5 Cal. 4th 750, 767-69 (Cal. 1993). *See* Docket No. 19-1 at 70.

B.     Earlier Federal Court Filings

Although not mentioned in Respondent's moving papers -- and before filing this action -- Mr. Briggs made some earlier efforts to file a federal habeas action challenging his current conviction.

On April 15, 2015, Mr. Briggs filed a one-page document entitled "petition for writ of habeas corpus and motion for stay and abeyance pending exhaustion of claim in state court." Docket No. 1 in *Briggs v. State of California*, N.D. Cal. No. 15-cv-1853 NJV. Other than its title, the document does not purport to be a petition for writ of habeas corpus; the document does not identify the conviction being challenged or assert any claim for relief, and instead simply states that Mr. Briggs is pursuing a habeas petition in the Santa Clara County Superior Court and requests a stay pending the exhaustion of state court remedies. *Id.* Magistrate Judge Vadas construed the document to be a letter requesting a stay (rather than an actual habeas petition), and dismissed the action without prejudice because Mr. Briggs had not filed a petition for writ of habeas corpus although he was notified of that deficiency and given an opportunity to file a habeas petition. Docket No. 9 in *Briggs v. State of California*, N.D. Cal. No. 15-cv-1853 NJV.

A few months later, Mr. Briggs filed a form petition for writ of habeas corpus in the federal court. The habeas petition contained several claims for relief and challenged his current conviction. The habeas petition was mailed to the court on September 16, 2015, and stamped "filed" on October 5, 2015. Docket No. 1 in *Briggs v. State of California*, Case No. 15-cv-4576 . At the same time, Mr. Briggs also filed a motion to stay proceedings in federal court while he exhausted his state court remedies. Docket No. 2 in *Briggs v. State of California*, Case No. 15-cv-4576. On October 29, 2015, Magistrate Judge Vadas (to whom Case No. 15-cv-4576 was assigned) construed the petition to have only unexhausted claims, and dismissed it on the ground that a "fully unexhausted federal habeas petition may not be stayed and must be dismissed." Docket No. 7 at 2 in *Briggs v. State of California*, Case No. 15-cv-4576.

C. The Current Federal Habeas Action

Mr. Briggs commenced this action by filing a one-page document entitled "petition for writ of habeas corpus and motion for stay and abeyance pending exhaustion of claim in state court." Docket No. 1 at 1. Other than its title, the document does not purport to be a petition for writ of habeas corpus; the document does not identify the conviction being challenged or assert any claim for relief, and instead simply states that Mr. Briggs is pursuing a habeas petition in the California Supreme Court and requests a stay until he exhausted state court remedies. *Id.* That document was dated December 13, 2015, and stamped "filed" on December 17, 2015. The clerk then sent to Mr. Briggs a notice to file a petition using the Court's form petition for writ of habeas corpus. *See* Docket No. 3. On January 6, 2016, Mr. Briggs mailed a petition for writ of habeas corpus (on the court's form petition) alleging claims for relief with regard to his conviction; that document was stamped "filed" on January 13, 2016. *See* Docket No. 8 at 1; Docket No. 8-1; Docket No. 8-2 at 3. Applying the prison mailbox rule, the Court deems the "petition" at Docket No. 1 as having been filed on December 13, 2015, and treats the "petition" at Docket No. 8 as having been filed on January 6, 2016. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule provides that *pro se* prisoner's filing of a document is deemed to have occurred when he gives it to prison officials to mail to the court).

The Court reviewed the habeas petition at Docket No. 8, determined that the only

1  cognizable claim was Claim 10, and dismissed the petition with leave to amend other claims. *See*
2  Docket No. 13. Claim 10 alleged that the prosecutor breached the plea agreement by
3  recommending a sentence on the high end of the guidelines range rather than the low end of the
4  guidelines range. Mr. Briggs did not file an amended petition. The Court then issued an order to
5  show cause why the petition should not be granted with respect to Claim 10. *See* Docket No. 16.

### III.  DISCUSSION

A.  The Petition Was Timely Filed

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The one-year limitations period also can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 655 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

Here, the limitations period began when the judgment became final upon "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). Where, as here, a petitioner

4

could have sought review in the state supreme court, but did not, the limitations period begins on the day after the date on which the time to seek such review expired. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The deadline for filing a petition for review in the California Supreme Court was 40 days after the California Court of Appeal's decision was issued. *See* Cal. Rules of Court 8.366(b) and 8.500(e). Mr. Briggs' deadline to file a petition for review in the California Supreme Court following the California Court of Appeal's September 11, 2014 affirmance of the judgment of conviction was October 21, 2014, and his federal habeas limitations period would have started the next day. Thus, the presumptive deadline for Mr. Briggs to file his federal habeas petition was October 21, 2015.

This Court need not consider whether Mr. Briggs is entitled to statutory tolling for his three state habeas petitions because, even without any statutory tolling, Mr. Briggs got to federal court with a federal habeas petition before October 21, 2015, within the one-year limitations period. And this Court need not consider whether Mr. Briggs' filing of a document labeled as "petition" that had no claims for relief in it counts as the filing of "an application for writ of habeas corpus" under 28 U.S.C. § 2244(d)(1) because, even without considering the two times he filed such a "petition" without any claim for relief, Mr. Briggs got to federal court with a federal petition for writ of habeas corpus with claims in it before October 21, 2015.

Mr. Briggs filed a federal petition for writ of habeas corpus on September 16, 2015, in *Briggs v. State of California*, Case No. 15-cv-4576. *See Stillman*, 319 F.3d at 1201 (prisoner mailbox rule deems document filed when prisoner gives it to prison officials to mail to the court). When Mr. Briggs filed the petition in Case No. 15-cv-4576, he sought a stay of the action so that he could exhaust state court remedies. Magistrate Judge Vadas promptly dismissed the petition because it was fully unexhausted, i.e., state court remedies had not been exhausted for any claim in the petition. Magistrate Judge Vadas' order reflects that he believed he had no choice but to dismiss the fully unexhausted petition. A Ninth Circuit case decided less than four months after that dismissal shows that the approach taken by Magistrate Judge Vadas in Case No. 15-cv-4576 was incorrect.

In *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016), the Ninth Circuit determined that a

district court is not required to dismiss a fully unexhausted petition and instead has the discretion to use the stay-and-abeyance procedure described in *Rhines v. Weber*, 544 U.S. 269 (2005), on a fully unexhausted petition so that the petitioner may exhaust state court remedies for his unexhausted claims.[1] *Mena* reversed and remanded in a case where the district court had held otherwise. *Mena*, 813 F.3d at 908. Prior to *Mena*, the availability of a *Rhines* stay had not been addressed in the Ninth Circuit, but several other circuits had concluded that a *Rhines* stay could be used for a fully unexhausted petition. *Mena*, 813 F.3d at 910.

Because Mr. Briggs filed a federal petition for writ of habeas corpus and requested a stay so that he could exhaust state court remedies, Magistrate Judge Vadas' dismissal of Case No. 15-cv-4576 on the assumption the court had no discretion to consider a stay turns out to have been the incorrect approach to the fully unexhausted petition. In the slightly different circumstance where the law was evolving on the handling of mixed petitions,[2] the Ninth Circuit has allowed equitable tolling based on an earlier erroneous dismissal of a timely federal habeas petition. The Ninth Circuit has addressed the problem of the timeliness of habeas petitions dismissed under a rule later determined to be incorrect, and concluded that the petitioner may be entitled to equitable tolling due to the earlier dismissal of a timely filed habeas petition. *See Jefferson v. Budge*, 419 F.3d 1013, 1014 (9th Cir. 2005). In *Jefferson*, the Ninth Circuit held that it was "error for a district

---

[1] The *Rhines* procedure originally was announced by the Supreme Court for handling mixed petitions -- i.e., petitions containing some claims for which state court remedies had been exhausted and some claims for which state court remedies had not been exhausted. *Rhines* allowed the district court to stay and hold in abeyance the federal habeas proceedings to allow the petitioner to return to state court to exhaust state court remedies for the unexhausted claims when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

[2] In pre-AEDPA times, mixed petitions were routinely dismissed without prejudice to the petitioner filing a new action after he exhausted his state court remedies, under the authority of *Rose v. Lundy*, 455 U.S. 509 (1982), which required "total exhaustion" of state court remedies before a federal habeas court would adjudicate claims. After exhausting, petitioners "could come back to federal court to present their perfected petitions with relative ease." *Rhines*, 544 U.S. at 274. The enactment of AEDPA in 1996 included a new one-year statute of limitations for the filing of a federal habeas petition. *Id.* "As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 275. *Rhines* thus devised the stay-and-abeyance procedure discussed in footnote 1, above, to deal with mixed petitions. *See id.* at 275-78.

6

court to dismiss a mixed habeas petition without first offering the petitioner the options provided in *Rose v. Lundy*, 455 U.S. 509 (1982)." *Jefferson*, 419 F.3d at 1014. (Those options were to allow the petitioner to dismiss the entire action or go forward with only exhausted claims.) "If such an error occurs, the petitioner is entitled to equitable tolling of the AEDPA statute of limitations from the date the mixed petition was dismissed until the date a new federal habeas petition is filed, assuming ordinary diligence." *Id.* As there had been such an erroneous dismissal by the district court in *Jefferson*, the petitioner was allowed equitable tolling because he returned to federal court with a new petition within three months of the final rejection of his first federal petition. *Id.* at 1016. Similarly, in *Smith v. Ratelle*, 323 F.3d 813 (9th Cir. 2003), equitable tolling was allowed where the petitioner's current habeas petition was untimely because the district court summarily and incorrectly dismissed an earlier mixed petition he had filed. *Smith* held that held that equitable tolling was appropriate because the earlier petition was timely filed and, if the district court had handled that earlier petition correctly, the petitioner could have had his claims reviewed by the federal court in that earlier filed action. *See id.* at 819 ("district court's erroneous dismissal of a mixed habeas petition is sufficiently extraordinary to justify equitable tolling").

Applying the same rationale used in *Jefferson* and *Smith* to this case, the Court concludes that Mr. Briggs is entitled to equitable tolling due to the incorrect dismissal of Case No. 15-cv-4576. Case No. 15-cv-4576 was dismissed on the assumption that the district court did not have the discretion to consider a stay of a fully unexhausted petition, but that turned out to be an incorrect assumption, as *Mena* later held. The incorrect dismissal of Case No. 15-cv-4576 is an extraordinary circumstance that supports equitable tolling. Mr. Briggs exercised reasonable diligence: he returned to federal court with the present petition less than two months after Case No. 15-cv-4576 had been dismissed, and within a week of the California Supreme Court's denial of his State Petition # 3. Mr. Briggs is entitled to tolling for the 112 days from the September 16, 2015 filing of his first federal habeas petition (in Case No. 15-cv-4576), until the January 6, 2016 filing of his habeas petition in this action. With this 112 days of tolling added to his original presumptive deadline of October 21, 2015, Mr. Briggs' new presumptive deadline was February 10, 2016. Mr. Briggs' habeas petition in this action was filed on January 6, 2016, and therefore

7

was filed before the expiration of the statute of limitations deadline in 28 U.S.C. § 2244(d). For these reasons, the Court rejects Respondent's argument that the action should be dismissed as time-barred.

B. <u>The Petition Is Procedurally Barred</u>

A federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." *Id.* at 729-30. A "discretionary state procedural rule can serve as an adequate ground to bar federal habeas review." *Beard v. Kindler*, 558 U.S. 53, 60 (2009). A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision and the application of the state procedural rule does not depend on a consideration of federal law. *Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir. 2003). An "adequate" state rule must be "firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Kindler*, 558 U.S. at 60). A rule can be "firmly established and regularly followed" even if it is discretionary, and even if the state court may choose to deny a procedurally barred claim on the merits. *See id.* at 316, 319. The state bears the burden of proving the adequacy of a state procedural bar. *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003).

Here, the California Supreme Court's denial of State Petition # 3 with a citation to *In re Clark*, 5 Cal. 4th at 767-69, represents a rejection of the state habeas petition as successive (i.e., repetitious presentation of the same claims) and/or an abuse of the writ (i.e., piecemeal presentation of claims).[3] In *Clark*, the California Supreme Court stated: "It has long been the rule

---

[3] The rules regarding petitions that are successive and an abuse of the writ address concerns presented when a petitioner returns to the same court to file a new habeas petition after that court has denied a petition from the same petitioner. In federal court terminology, a successive petition raises "previously rejected claims," and an abuse of the writ occurs when a later petition asserts new "claims that could have been raised in an earlier action." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). A later petition that contains new claims and is an abuse of the writ

8

that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected. The court has also refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment." *Clark*, 5 Cal. 4th at 767-68 (internal citations omitted).[4]

---

sometimes is called an "abusive petition," or a "second or subsequent" petition. *See McCleskey v. Zant*, 499 U.S. 467, 470, 485 (1991) ("The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus."); 28 U.S.C. § 2244(b) (limiting consideration of a "claim presented in a second or successive" petition).

California courts generally use the term "successive" to mean a later petition that includes previously rejected claims, although they sometimes use the term "successive" to include both a later petition that includes previously-presented claims *and* a later petition that contains new claims. *See In re Clark*, 5 Cal. 4th at 768 ("On occasion, the merits of successive petitions have been considered regardless of whether the claim was raised on appeal or in a prior petition, and without consideration of whether the claim could and should have been presented in a prior petition."); *In re Robbins*, 18 Cal. 4th 770, 788 at n.9 (Cal. 1998) ("We have stated that claims presented in a 'subsequent' petition that *should have been* presented in an earlier filed petition will be barred as 'successive' unless the petitioner 'adequately explains' his or her failure to present *all* claims in the earlier filed petition").

[4] *Clark* discusses several procedural rules for habeas petitions, so it is necessary to consider the specific pages cited in the California Supreme Court's order to determine which of the rules from *Clark* was applied. The pages cited by the California Supreme Court, pages 767-69, discuss the rule against successive and abusive petitions. Other rules discussed in *Clark* include the requirement that the petitioner explain and justify any significant delay in seeking habeas relief (discussed at page 761) and the rule against raising issues on habeas if they could have been raised on direct appeal (discussed at page 765).

In *Clark*, the petitioner had been sentenced to death for capital murder and was before the state's highest court for the third time. *Clark*, 5 Cal. 4th at 759. On April 5, 1990, the California Supreme Court affirmed the conviction and death sentence. *Id.* at 759. Almost a year later, on March 15, 1991, Clark filed his first state petition for writ of habeas corpus; that petition was denied by the California Supreme Court on May 15, 1991. *Id.* at 760-61. On August 16, 1991, Clark filed a second petition for writ of habeas corpus in the California Supreme Court. *Id.* at 761. It was that second petition that was addressed in *Clark*, 5 Cal. 4th 750. The California Supreme Court noted that "many of the grounds asserted for relief [in the second petition] are restatements or reformulations of arguments made and rejected on appeal or in the prior habeas corpus petition, while others are claims that could and should have been made on appeal." *Id.* at 763. This prompted the California Supreme Court to "review the decisional and statutory law governing collateral attacks on judgments of conviction by petition for writ of habeas corpus," and to "consider when departure from those rules is warranted." *Id.* The California Supreme Court then discussed rules regarding delays, repeated applications, and piecemeal presentation of claims, as well as acceptable justifications therefor and exceptions to the rules. *Id.* at 763-87, 795-98. The court then denied Clark's petition for writ of habeas corpus because some claims had already been rejected, Clark had not stated specific facts to establish that his new claims were presented without substantial delay, and he had not shown an exception to the procedural bar against hearing those claims. *Id.* at 799.

Here, the rule prohibiting the abuse of the writ would be the specific portion of the *Clark* rule against successive/abusive petitions that applies to Claim 10 because Claim 10 was included in State Petition # 3 but had not been presented to the California Supreme Court in Mr. Briggs' State Petition # 2.

Having identified the *Clark* rule against successive/abusive petitions as the procedural bar imposed on Claim 10 by the California Supreme Court, this Court next must consider whether that bar is independent and adequate, so as to preclude federal habeas review. *See Coleman*, 501 U.S. at 729. With regard to whether the *Clark* bar on successive/abusive petitions is independent and adequate, this Court adheres to the specific analytic framework described in *Bennett*, 322 F.3d at 585-86.

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

*Id.* at 586. Here, Respondent satisfied his initial burden under *Bennett* by identifying Mr. Briggs' State Petition # 3 to the California Supreme Court, noting the rejection of State Petition # 3 by the California Supreme Court with a citation to the *Clark* bar on successive/abusive petitions, and pleading that the *Clark* bar is an independent and adequate state procedural ground. The "burden to place that defense in issue" then "shift[ed] to the petitioner," *Bennett*, 322 F.3d at 586, but Mr. Briggs did not meet it because he filed no opposition to the motion to dismiss and nothing in his petition puts the *Clark* bar's independence or adequacy in issue.

The independence of the bar is readily apparent. The *Clark* bar is independent because the California Supreme Court "explicitly invoke[d] the procedural rule as a separate basis for its decision," *Vang*, 329 F.3d at 1074, and the application of the bar did not "depend[] on a consideration of federal law," *id.* at 1075, because federal law plays no role in determining whether a new habeas petition has been filed after an earlier petition that did not include that claim has been denied. *See generally In re Robbins*, 18 Cal. 4th at 811 (application of the rule

10

prohibiting successive petitions is independent of federal law); *Clark*, 5 Cal. 4th at 767-69 (describing successive/abusive petition rule without any indication of a federal law role in the determination of whether a petition is successive); *see also Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003) (rule that is not "interwoven with federal law" is an independent state procedural ground).

As noted earlier, to be adequate, the state court rule must be firmly established and regularly followed. *See Walker*, 562 U.S. at 316. Although the Ninth Circuit has not yet ruled on whether the Clark bar on successive/abusive petitions is adequate, several district court decisions have concluded that the *Clark* bar is adequate. *See, e.g., Flowers v. Foulk*, 2016 WL 4611554, *4 (N.D. Cal. 2016) (determining that claims were procedurally defaulted because *Clark* bars on untimely petitions and successive petitions were both adequate and independent to preclude federal habeas review); *Rutledge v. Katavich*, 2012 WL 2054975, at *6-7 (N.D. Cal. 2012) (dismissing claim as procedurally defaulted due to California Supreme Court's rejection of petition in 2011 with citation to *Clark;* after respondent pled the *Clark* bar on successive/abusive petitions, and petitioner did not make any showing in response, "California's procedural bar against successive petitions will be imposed against petitioner's instant claims alleging ineffective assistance of counsel," absent petitioner showing cause and prejudice or a miscarriage of justice); *Arroyo v. Curry*, 2009 WL 723877, at *6 (N.D. Cal. 2009) (finding "that Respondent has satisfactorily established that California's procedural bar against successive petitions as applied in practice was an adequate state ground for rejecting Petitioner's second habeas petition" in 2006). Respondent has satisfied his burden to show that the *Clark* rule against successive/abusive petitions is adequate. *See generally Carter v. Giurbino*, 385 F.3d 1194, 1198 (9th Cir. 2004) (finding that state met its burden with regard to rule in *In re* Lindley, 29 Cal.2d 709 (Cal. 1947) (i.e., that insufficiency of evidence claims had to be brought on direct appeal rather than habeas) where petitioner did "not argue or come forward with any evidence that the *Lindley* rule is not firmly established and regularly followed by the California courts.").

The California Supreme Court imposed a state procedural bar that is adequate and independent of federal law. Claim 10 is procedurally defaulted. Unless the habeas petitioner

11

shows cause and prejudice, the court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims. *See Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). The cause standard requires the petitioner to show that "some objective factor external to the defense" impeded his efforts to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). To satisfy the prejudice part of the cause-and-prejudice test, the petitioner must show actual prejudice resulting from the errors of which he complains. *See McCleskey*, 499 U.S. at 494. A federal court also may hear the merits of a procedurally defaulted claim if the failure to hear the claims would constitute a "miscarriage of justice." *See Sawyer*, 505 U.S. at 339-40. In the federal habeas context, the "miscarriage of justice" exception is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. at 496). Mr. Briggs has not established cause or prejudice, or shown that the failure to consider Claim 10 will result in a fundamental miscarriage of justice. He filed nothing to advance such a showing. Claim 10 therefore is procedurally barred and is now dismissed. As Claim 10 is the only claim the Court found cognizable, the action must be dismissed.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

Respondent's motion to dismiss is **GRANTED**. Docket No. 19. Although the petition is not barred by the statute of limitations, it is procedurally defaulted. Petitioner's only cognizable claim was rejected by the state court because it was presented in a piecemeal fashion, in violation of California's procedural rule against piecemeal habeas petitions. There is no reason not to honor

///

///

///

the procedural bar imposed by the state court.  Accordingly, the Court will not reach the merits of the claims.  The petition for writ of habeas corpus is **DISMISSED** as procedurally barred.  The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: May 5, 2017

_____
EDWARD M. CHEN
United States District Judge

13